# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 2, 2010

## STATE OF TENNESSEE v. CHRISTOPHER JONES

### Direct Appeal from the Circuit Court for Madison County
### No. 05-209     Donald H. Allen, Judge

### No. W2009-01478-CCA-R3-CD   -   Filed April 27, 2010

The Defendant-Appellant, Christopher Jones, appeals the revocation of his probation by the Circuit Court of Madison County.  Jones pled guilty to three Class A misdemeanors: possession of cocaine, possession of marijuana, and possession of drug paraphernalia .  For each conviction, he was sentenced to eleven months and twenty-nine days in the county jail. He was also fined a total of $1,150.  The trial court ordered the sentences for possession of cocaine and possession of marijuana to be served concurrently, with the sentence for possession of drug paraphernalia to be served consecutively.  All three  sentences were suspended, and Jones was placed on probation.  On appeal, he claims the trial court erred by revoking his probation and restoring his original sentences.  Upon review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and J. C. MCLIN, JJ., joined.

George M. Googe, District Public Defender; Gregory D. Gookin, Assistant Public Defender, for the Defendant-Appellant, Christopher Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

**Guilty Plea Hearing**.  At the guilty plea hearing, the State provided the following as the factual basis for the Jones' guilty plea:

[O]n July the 20th, 2004, police officers entered a hotel room at the Airway's Motel out there conducting a car stop in the parking lot and when the door was opened, Mr. Jones had in his possession a marijuana cigarette thus being the count of possession of marijuana and it did test positive I believe. All the controlled substances that were recovered tested positive. I'm not sure if they tested the marijuana cigarette that he was holding, Your Honor, but it did look and appear to be marijuana based upon the officer's observation and considering what else was in the room. They did locate then a bag of cocaine that the officers said was dropped by Mr. Jones as they were coming into the room. It did test positive to be cocaine, a Schedule II controlled substance. Also in the room were various items of drug paraphernalia such as razors, crack pipes for smoking crack cocaine and that type thing. There was cocaine in various locations throughout the room. Mr. Jones was not the renter of that room. That was one of the females that was a co[-]defendant in this matter who had been in the car outside and gave permission for them to enter the room. In addition, one of the other co[-]defendants in this matter, Ms. Mizzel, has given a statement in this matter. Prior to her plea, she gave a statement in which she indicated that Mr. Jones was her boyfriend at the time and that Mr. Jones was not there selling drugs that he was a user of narcotics. That statement the State has on record and she gave that prior to her plea in this matter and she has already pled.

Thus the State would show at trial that Mr. Jones did possess cocaine unlawfully and he did possess marijuana unlawfully and he did also possess drug paraphernalia unlawfully on July 20th, 2004. This all occurred here in Madison County, Tennessee.

At the guilty plea hearing, the trial court discussed the terms of the plea agreement with Jones. Specifically, the trial court informed Jones that by entering his plea agreement he waived his right to appeal. Jones testified that he understood the charges he was facing, as well as the sentences he would receive under the agreement. The trial court then addressed the State's recommendation that Jones be placed on probation. The trial court questioned Jones as follows:

THE COURT: [T]he State is recommending that all the jail time be suspended and that you be placed on probation beginning today for this two year period of time. Your probation will be supervised by the Community Corrections Misdemeanor Program. While on probation, you will be required to seek an alcohol and drug assessment and then follow through with any recommendations made within the next 30 days. If they recommend treatment

or [counseling] for you then you'll have to complete that as part of your probation. Okay?

JONES: Yes, sir.

THE COURT: Also the State is recommending that you be allowed to pay off all of your fines and court costs at a rate of $75 a month beginning January the 18th. So each month thereafter, you'll have to pay at least $75 until you have paid all of your fines and court costs in full. Okay?

Also as part of your probation you will have to submit to random monthly screens. So they are going to drug test you every month to make sure you're not using illegal drugs and not abusing alcohol. Also you will be required to maintain full time employment or be a full time student over this period of probation. . . .

The trial court additionally questioned Jones about his future employment plans upon release on probation. Jones responded that he was hoping to work at a lumber company. The trial court then instructed Jones to meet with his probation officer to further discuss the terms of his probation. The trial court asked Jones if he had any questions about what had been discussed. Jones responded that he did not. The trial court accepted the best interest plea and again instructed Jones to adhere to the terms of his probation.

An arrest warrant was issued on May 21, 2009. The supporting affidavit signed by Jones' probation officer alleged that Jones: (1) failed to report as directed; (2) failed to pay monthly on court costs and fines;(3) failed to provide verification of employment; and (4) failed to obtain an alcohol and drug assessment.

**Probation Revocation Hearing**. At the probation revocation hearing Jones' probation officer testified that Jones violated several conditions of his probation. Jones did not obtain an alcohol and drug assessment within thirty days of his plea agreement as ordered by the trial court. The probation officer explained that Jones was ordered to pay seventy-five dollars per month towards fines and costs; however, Jones did not make a single payment. Jones was also required to maintain full-time employment. The probation officer said Jones failed to show proof of employment. The probation officer testified that he met with Jones on December 27, 2006, and they reviewed the rules of his probation. Another meeting was scheduled for January 29, 2007, but Jones did not report on that date. The probation officer testified that Jones had not reported since December 27, 2006.

Jones testified that upon release on probation, he registered as a drug offender. He believed registering was his only responsibility as a probationer. Jones could not recall whether he ever met with his probation officer.

Following the proof at the hearing, the trial court stated:

> In this case the Court finds that Christopher Jones has in fact violated the terms and conditions of his probation in a substantial way those being that he has failed to report each and every month as directed. I do credit the testimony of Mr. Moore who says he originally met with the defendant on December 27th, 2006 and went over the rules of probation which a lot of those rules were special conditions as well things that the Court went over with him when he entered his guilty plea or best interest plea on December 18th of 2006. Of course, it sounds like Mr. Moore set him up another appointment January the 29th of '07 and the defendant never showed up for that appointment and never has reported since December of 2006. Obviously that is a violation of the probation rules.
>
> Also he has failed to pay anything on the monthly court costs and fines. The Court specifically ordered him to pay every month.
>
> Also he failed to provide verification of employment. That was one of the special conditions that he had to maintain employment and show proof of employment and he never reported and so he never showed any proof of employment.
>
> He failed to obtain the alcohol and drug assessment within 30 days as he agreed to do when he entered his plea.
>
> He basically has done nothing as far as following the rules of probation other than he initially reported and had the officer go over rules with him and then for whatever reason Mr. Jones decided he wasn't going to be on probation. He never reported. He never paid. He never did anything as far as following the rules of probation.
>
> The Court finds that his two consecutive 11 months and 29 day sentences should be revoked. Of course, this warrant was issued back March the 1st of 2007 so none of these sentences have expired. He'll serve all sentences, the two of them, consecutively in the local county jail. He'll get credit for whatever jail time he has already served. He'll serve his sentences.

The trial court issued an order revoking Jones' probation and ordering him to serve the original sentence imposed. Jones filed a timely notice of appeal from this order.

**ANALYSIS**

Jones claims the trial court erred in revoking his probation and ordering him to serve his original sentences in confinement. In response, the State claims that the trial court did not abuse its discretion in revoking Jones' probation and ordering confinement. Upon review, we agree with the State.

Our law states that a trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e) (2006). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination that he violated his probation. Id. (citations omitted).

Once a trial judge has determined a violation of probation has occurred, the trial judge retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Id. at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

The argument in Jones' brief is limited to the following paragraph:

> In the instant case, the trial court erred in revoking Appellant's probation and ordering that he serve his sentence. Appellant informed the trial

court that he was not aware of the fact that he would be placed on probation, and thought that he would only have to register as a "drug offender" after his release from jail. In addition, rather than ordering Appellant to serve both eleven months and twenty-nine days sentences in the county jail, the trial court could have ordered Appellant to serve one of the sentences, and then reinstate Appellant's probation for the second sentence.

Jones does not appear to contest the terms of his probation or the resulting violations; rather, he claims the revocation was improper due to his ignorance of the probation terms. As an initial matter, we note that Jones failed to cite any legal authority to support his claim. Ordinarily, such an omission would constitute a waiver of the issue. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000). However, we have reviewed the record and will address the merits of the claim.

The record shows that Jones entered a plea agreement that resulted in his release on probation. The record does not include an order setting forth the probation terms; however, the trial court addressed some of Jones' obligations during the guilty plea hearing. The trial court informed Jones that he would be required to seek an alcohol and drug assessment within thirty days, pay fines and court costs at a rate of $75 a month, submit to random monthly drug screens, and obtain full-time employment or become a full-time student. The trial court also instructed Jones to meet with his probation officer who would more fully address the probation terms.

At the revocation hearing, the probation officer testified that he met with Jones soon after his placement on probation, and Jones was informed of his obligations. The probation officer said Jones violated his probation by failing to obtain an alcohol and drug assessment within thirty days of his plea agreement, not making a single payment towards fines and costs, and failing to show proof of employment. The probation officer also said Jones had not reported to him as required since his first scheduled appointment on December 27, 2006. Jones acknowledged that the only measure he had taken while on probation was registering as a drug offender. The record certainly supports the trial court's finding that Jones "never did anything as far as following the rules of probation." The record shows that Jones was informed of his duties on probation; nonetheless, his alleged lack of awareness would not excuse the violations. See State v. Casper, 297 S.W.3d 676 (Tenn. 2009) (Tennessee Supreme Court reiterating the established principle that ignorance or a mistake of law is no defense to criminal prosecution). Therefore, the trial court did not abuse its discretion in revoking Jones' probation.

The trial court also did not abuse its discretion by reinstating Jones' original sentences and ordering confinement. Upon finding that Jones violated his probation, the trial court was permitted "to cause execution of the defendant's original judgment as it was originally entered." Hunter, 1 S.W.3d at 647 (citing T. C. A. § 40-35-310(a) (2008)). The trial court acted within its authority by ordering Jones to serve the original sentences imposed. Accordingly, Jones is not entitled to relief.

**CONCLUSION**

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE